IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Case No. 3:17-cv-477-DJH

HOLLY A. WRIGHT                                                                                             PLAINTIFF
11112 Oliverda Drive
Louisville, Kentucky 40272

v.

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corporation System
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Holly A. Wright, and for her Verified Complaint against the Defendant, Trans Union, LLC ("Trans Union") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false credit reporting and Defendant's failure to investigate Plaintiff's dispute regarding Defendant's false reporting of Plaintiff's Trans Union credit score.

### II. PARTIES

2. Plaintiff, Holly A. Wright, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 11112 Oliverda Drive, Louisville, Kentucky 40272.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

5. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. On February 16, 2017, Plaintiff, accessed her Trans Union credit report through Republic Bank in Louisville. At that time, Plaintiff's Trans Union credit score was 649. Plaintiff accessed her Trans Union credit report again on March 2, 2017. At that time, Plaintiff's Trans Union credit score was still 649.

9. On April 19, 2017, Plaintiff visited the Montgomery Kia automobile dealership in Louisville and attempted to finance the purchase of an automobile. When Montgomery Kia accessed Plaintiff's Trans Union credit report Plaintiff's Trans Union credit score was 571, well below the threshold Montgomery Kia required in order to provide financing to Plaintiff.

10. The next day, April 20, 2017, Plaintiff contacted Trans Union by telephone and inquired as to her correct Trans Union credit score. Specifically, Plaintiff asked why the credit score Trans Union provided to Montgomery Kia was 78 points lower than the credit score Trans Union provided to Republic Bank. The Trans Union representative to whom Plaintiff spoke confirmed that the 571 credit score Trans Union provided to Montgomery Kia was incorrect, but refused to advise Plaintiff of her correct Trans Union credit score and further refused to contact Montgomery Kia.

11. That same day, April 20, 2017, Plaintiff again contacted Republic Bank and asked Republic Bank to access Plaintiff's Trans Union credit report and credit score. At that time, Plaintiff's Trans Union credit score, according to the credit report Trans Union provided to Republic Bank, was 644.

12. Also on April 20, 2017, Plaintiff, who wanted to take advantage of special lease offer provided by Kia at the time, contacted The Kia Store in Elizabethtown, Kentucky. Upon Plaintiff's request, the Elizabethtown Kia Store requested Plaintiff's Trans Union credit score. Again, the credit score Trans Union provided to The Kia Store in Elizabethtown was 571, the same score Trans Union advised Plaintiff was inaccurate.

13. On May 19, 2017, Plaintiff received a letter from Montgomery Kia denying Plaintiff's credit request based on the 571 credit score Trans Union provided to Montgomery Kia.

14. On May 11, 2017, Plaintiff filed a complaint with the Better Business Bureau concerning Trans Union's provision of different scores to Republic Bank, Montgomery Kia, and The Kia Store in Elizabethtown. On June 9, 2017, Plaintiff received a form letter from Trans Union stating, among other things, that Trans Union's "goal is to maintain complete and accurate information on consumer credit reports . . ." but that Trans Union was "unable to accept a dispute

regarding Holly Wright's credit score . . .".

15. Trans Union's false credit reporting and their failure to investigate Plaintiff's dispute have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit, and in that Plaintiff has suffered embarrassment and humiliation.

## V. CLAIMS

### Negligence

16. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Trans Union's failure to properly investigate Plaintiff's dispute and to correctly report Plaintiff's credit score, was negligent.

18. In failing to properly investigate Plaintiff's dispute, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

19. In addition, in failing to correctly report Plaintiff's credit score, Trans Union negligently failed to reasonably maintain the accuracy of Plaintiff's credit history and credit score.

20. Trans Union's negligent failure to properly investigate Plaintiff's dispute and its failure to correctly report Plaintiff's credit score, has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

21. Trans Union's failure to properly investigate Plaintiff's dispute and its failure to correctly report Plaintiff's credit score was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Montgomery Kia, The Kia Store in Elizabethtown, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff's Trans Union credit score is 571, which credit score Trans Union confirmed with Plaintiff is incorrect.

24. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

25. Trans Union's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act

26. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Trans Union's failure to properly investigate Plaintiff's dispute and its failure to correctly report Plaintiff's Trans Union credit score are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28. Trans Union's failure to properly investigate Plaintiff's dispute and its failure to correctly report Plaintiff's Trans Union credit score are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Trans Union's violations of the FCRA amount to negligent non-compliance with the

FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Trans Union's failure to properly investigate Plaintiff's dispute and its failure to correctly report Plaintiff's Trans Union credit score are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Trans Union's failure to properly investigate Plaintiff's dispute and its failure to correctly report Plaintiff's Trans Union credit score are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

33. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Holly A. Wright, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/Sam B. Carl*
Sam B. Carl
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY 40202
(502)
sambcarl@gmail.com
*Co-Counsel for Plaintiff*

*/s/David W. Hemminger*
David W. Hemminger
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY 40202
(502)
hemmingerlawoffice@gmail.com
*Co-Counsel for Plaintiff*

## VERIFICATION

I, Holly A. Wright, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Holly A. Wright*
Holly A. Wright

COMMONWEALTH OF KENTUCKY       )
                                                            ) SS
COUNTY OF JEFFERSON             )

Subscribed, sworn to and acknowledged before me by Holly A. Wright this 02 day of August, 2017.

*Renee Adams*
Notary Public

Commission expires:

RENEE ADAMS
Notary Public
State at Large
Kentucky
My Commission Expires Aug. 11, 2018

8